IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| REGIONS BANK,<br>an Alabama banking corporation,<br><br>  Plaintiff,<br><br>vs.<br><br>GATEWAY HOUSING FOUNDATION,<br>a District of Columbia non-profit<br>corporation, and<br>TERRY McNELLIS, individually,<br><br>  Defendants. | CASE NO. 3:13-cv-0265<br>Judge Nixon<br>Magistrate Judge Griffin |

MEMORANDUM OF LAW IN SUPPORT OF REGIONS BANK'S MOTION TO COMPEL
DISCOVERY RESPONSES FROM DEFENDANTS GATEWAY HOUSING FOUNDATION
AND TERRY MCNELLIS

Plaintiff, Regions Bank ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 37(a)(3) and Local Rule 7.01 (a), submits this Memorandum of Law in support of its Motion to Compel Post-Judgment Discovery Responses from Defendants Gateway Housing Foundation ("Gateway") and Terry McNellis ("McNellis").:

## BACKGROUND

On January 15, 2016, Regions served the following post-judgment discovery requests (collectively, as the "Discovery Requests"):

1. First Set of Interrogatories In Aid Of Execution to Gateway (the "Gateway Interrogatories"). [A true and accurate copy of the Gateway Interrogatories is attached hereto as **Exhibit "A."**];

2. First Set of Interrogatories In Aid Of Execution to McNellis (the "McNellis Interrogatories"). [A true and accurate copy of the McNellis Interrogatories is attached hereto as **Exhibit "B."**];

3. First Request for Production In Aid Of Execution to Gateway (the "Gateway Production Request"). [A true and accurate copy of the Gateway Production Request is attached hereto as **Exhibit "C."**]; and

4. First Request for Production In Aid Of Execution to McNellis (the "McNellis Production Request"). [A true and accurate copy of the McNellis Production Request is attached hereto as **Exhibit "D."**].

On February 17, 2016 Eric Werrenrath, Esquire, counsel for Regions, sent a letter to Robert Spence, Esquire, counsel for Gateway and McNellis, regarding Gateway and McNellis' overdue responses to the Discovery Requests. [A true and correct copy of said letter is attached hereto as **Exhibit "E."**] At Mr. Spence's request, Regions agreed to retroactively extend the deadline for response to the Discovery Requests until the close of business on Monday, February 29, 2016.

Thereafter, the undersigned counsel repeatedly contacted Defendant's counsel by voicemail and email with regard to (1), getting a response, (2) developing a Joint Statement pursuant to L.R. 37.01(a) and (3) conferring with such counsel pursuant to L.R. 37.01(b)(3). Although Defendant's counsel emailed the undersigned counsel on related aspects of litigation among these parties during the attempted consultation, Defendants' counsel has not, aside from the first email requesting an extension of time in which to respond to the Discovery Requests, replied to any of the communications, as more particularly set forth in the Certificate of Attempted Consultation filed herewith.

2

During the same time, Defendant has participated in the post-judgment proceedings in this case by filing a Response to Plaintiff's Motion for a Charging Order, ECF#44.

As of the date of this Motion, Regions has not received any responses to the Discovery Requests.

**ARGUMENT**

Pursuant to Federal Rule of Civil Procedure 37(a)(3), this Court is authorized to enter an Order compelling Gateway and McNellis' to answer the Gateway Interrogatories and the McNellis Interrogatories, and to produce documents responsive to the Gateway Production Request and the McNellis Production Request. The Court is also empowered to impose sanctions for Gateway and McNellis' failure to comply with Federal Rules of Civil Procedure 33 and 34 and also require Gateway and McNellis to pay Regions' reasonable expenses incurred in making the instant Motion, including attorneys' fees. Fed. R. Civ. P. 37(a)(5), (b)(2). Gateway and McNellis have failed to provide any legitimate reason for their continued failure to provide responses to the Discovery Requests. Accordingly, the Court's intervention is necessary to compel Gateway and McNellis to provide the same.

Further, because Gateway and McNellis did not serve any responses or objections to the Discovery Requests in a timely manner, any and all of Gateway and McNellis' objections to the Discovery Requests have been waived pursuant to Rule 33, Fed. R. Civ. P. *See Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 617 (5th Cir. 1977) ("By failing to object, defendant waived any objections it might have had to the giving of a full answer to the interrogatory.").

Finally, sanctions are appropriate at this stage. Defendants have engaged competent counsel to represent them throughout this case, as well as in related litigation in Shelby County, Tennessee, but have apparently refused to follow counsel's advice with respect to their duties
3

under the Federal Rules of Civil Procedure. The Advisory Committee designed Rule 37 for cases such as this, where discovery requests were properly served, where counsel followed up repeatedly urging compliance with the Rules, and where Defendants' recalcitrance has burdened both Plaintiff with expense and this Court with the need to expend valuable judicial resources on a very simple issue.

      Plaintiff prays that the Court grant its Motion to Compel.

Respectfully submitted,

Adams and Reese LLP
Crescent Center
6075 Poplar Avenue, Suite 700
Memphis, Tennessee 38119

By: */s/Henry C. Shelton, III*
Henry C. Shelton, III, #8207

W. Glenn Jensen (admitted pro hac vice)
Eric F. Werrenrath (admitted pro hac vice)
ROETZEL & ANDRESS
420 South Orange Avenue
CNL Center II, 7th Floor
P.O. Box 6507
Orlando, FL 32802-6507

*Counsel for Plaintiff Regions Bank*

<u>CERTIFICATE OF SERVICE</u>

      The undersigned hereby certifies that on the 18th day of March, 2016, a true and correct copy of the foregoing was served by United States Mail, postage prepaid to:

Robert L. Spence, Jr., Esq.
Kristina A. Woo, Esq.
Spence Law Firm, PLLC
1 Commerce Square, Suite 2200
Memphis, TN 38103

*/s/Henry C. Shelton, III*
