UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| REGIONS BANK, ) | |
| ) | |
| Plaintiff ) | |
| ) | No. 3:13-cv-0265 |
| v. ) | Judge Trauger/Brown |
| ) | **Jury Demand** |
| GATEWAY HOUSING FOUNDATION, ) | |
| *et al.*, ) | |
| ) | |
| Defendants ) | |

**TO: THE HONORABLE ALETA A. TRAUGER**

### REPORT AND RECOMMENDATION

Presently pending is the Plaintiff's motion for sanctions (Docket Entry 92) to include attorneys' fees and costs for having to file a motion to compel responses to their discovery request (Docket Entry 45); for having to defend and to respond to Defendants' motion to set installment payments (Docket Entry 47); a motion to limit discovery requests (Docket Entry 49); and an emergency motion to stay garnishments issued by Regions Bank and renewed motion to set installment payments (Docket Entry 61).

They supplemented their sanctions motion by noting that some $44,153.35 in claimed legal fees were reimbursed upon Regions' collection of that amount from the judgement debtors (Docket Entry 93). They state that they applied the payments received from judgment debtors to incurred legal fees, accrued but unpaid interests, and to the outstanding judgment balance. They state that this resulted in certain invoices being reimbursed when payments were received from the judgment debtor. They state that to the

extent they are awarded legal fees and costs in excess of the unreimbursed legal fees, those amounts will be applied toward the remaining indebtedness under the related loan documents.[1]

The Defendants have responded with a number of objections. In particular, they objected to any award in fees not specifically related to the Plaintiff's motion to compel discovery.

After considering all of the pleadings the Magistrate Judge recommends that the Plaintiff be awarded costs and fees in the sum of $3,500 for having to file a motion to compel discovery and the sum of $40,000 for having to defend against frivolous motions, to set installment payments and to stay garnishment actions by the Plaintiff against the Defendants (Docket Entry 61).

## BACKGROUND

This case began in 2013 with a complaint against Gateway Housing Foundation and Terry McNellis (Docket Entry 1) as a suit on a letter of credit, which was guaranteed by Gateway and Mr. McNellis. As of the date of filing of the lawsuit the note was for $4,833,157.52 plus accrued interest, late fees, court costs, and attorneys' fees.

Plaintiff was represented by four attorneys from Burr & Forman, LLP in Nashville and two attorneys from Roetzel & Andress in Orlando, Florida.

---

[1]The motion contained in Docket Entry 63 leaves the undersigned a bit puzzled. To the extent they have been reimbursed already they are not entitled to collect a second time and apply it to other indebtedness.

2

On July 10, 2013 (Docket Entry 24), the case was administratively closed with leave to reopen the case to confirm an arbitration award (Docket Entry 24). The case was subsequently reopened on November 15, 2015 (Docket Entry 36) when Judge Sharp confirmed the award of the arbitrators in the amount of $4,512,887.09 plus additional per diem interest of $849.06. The Court retained jurisdiction to enter further orders to enforce the terms of the final judgment and an award of attorneys' fees and costs to the Plaintiff in connection with the action.

Plaintiff immediately begin efforts to collect its judgment by serving interrogatories in aid of execution and requests for production of documents in aid of execution from the Defendants (Docket Entries 39 through 42). Additionally, Plaintiff sought a charging order (Docket Entry 43) against some nine LLC's and LP's that reportedly owed money to Gateway. When timely responses were not made to the discovery requests Plaintiff filed its motion to compel (Docket Entry 45) on March 18, 2016.

The Defendant McNellis, on March 29, 2016, filed a motion to set installment payments (Docket Entry 47) noting that on March 24, 2016, he had made a $500,000 partial payment on the judgment and sought an order from the Court to allow him to make monthly payments in the amount of $100,000 until the entire judgment was satisfied or he liquidated sufficient assets to satisfy the judgment. In the motion he alleged that he had limited ability and means to submit payments for the entire judgment amount.

3

After additional briefing on the motion to compel and the motion to set installment payments (Docket Entries 48 through 51) they were referred to the undersigned for a report and recommendation (Docket Entry 53). As I was new to the case I allowed the parties to file replies and set the matter for a telephone conference on July 6, 2016 (Docket Entries 54 and 55). Replies were filed concerning these motions (Docket Entries 57 and 58).

As a result of an approximate one-hour telephone call, on July 6, 2016, I entered an order (Docket Entry 59), which found that the Defendants had been derelict in providing discovery requests and noted that while some of the Plaintiff's requests were over broad, insomuch as a five-year time frame was excessive, the Defendants had provided absolutely no financial data at all. The Defendants were given 21 days to provide full financial information for the past year. The matter of attorneys' fees for having to file the motion to compel was taken under advisement. The motion to set installment payments was also denied since Mr. McNellis had not provided any financial data in connection with the motion.

The next salvo in this collection effort was filed by Defendant McNellis as an emergency motion to stay garnishments issued by Plaintiff and a renewed motion to set installment payments (Docket Entry 61). In connection with the motion, at Docket Entry 61-1, Defendant McNellis provided the answers he had previously submitted to the discovery requests for his financial

4

status for the prior year. He also provided an affidavit (Docket Entry 61-2) in which he stated at paragraph 4 "Due to the amount of the judgment, I do not have the present liquidity to satisfy the judgment in full." He continued in paragraphs 7 through 9 to state

> (7) "I have liquidated all readily available assets and do not have the present ability to make any payment larger than $100,000.00 per month without defaulting on existing obligations that I have in my real estate business."
>
> (8) "My real estate business is structured so that I am required to maintain a certain level of liquidity to avoid defaulting on antecedent obligations."
>
> (9) "Any default on the antecedent obligations will preclude and greatly impair my ability to make the $100,000.00 monthly installment payments to the judgment creditor.

This motion produced a flurry of activity, including efforts by Plaintiff to collect on their judgment through the Minnesota State Court. In order to sort out the various pleadings the matter was set for a hearing on September 7, 2016, in particular, to allow Defendant McNellis to testify concerning his financial circumstances (Docket Entry 72). A transcript of the September 7th hearing is filed as Docket Entry 81.

The hearing consisted primarily of the testimony of Defendant McNellis and an examination of his financial statement dated January 1, 2016. During his examination concerning various security accounts it appeared that Defendant McNellis had substantial amounts of liquid assets, which could be liquidated. Liquidation would, of course, involve paying federal taxes on any

5

capital gains resulting from the sales. Defendant McNellis stated that he had six accounts under RBC Capital Markets, LLC that were solely in his name (Docket Entry 81, p. ID 1620). The 9137 account apparently had $300,000 in cash and $641,000 in securities (p. ID 1621-22). The examination of Defendant McNellis showed that while there would be some difficulties in liquidating his interests in various LLC's, he held stock accounts in his name that contained very substantial amounts of cash and liquid securities in amounts sufficient to allow him to pay of the entire judgment (Transcript Docket Entry 81, p. ID 1666-69, Defense Exhibits 1, 2 and 3, and Plaintiff Exhibit B).

Following the hearing the undersigned issued an order (Docket Entry 80) in which specifically noted that Mr. McNellis had the wherewithal to satisfy the judgments from current assets and that sale of the assets would not otherwise jeopardize his business activities. Accordingly, the motion to set installment payments or to stay collection activities by Plaintiff were denied. The Plaintiff was free to institute collection proceedings in Minnesota or elsewhere. It is noticed that following the hearing on September 7, 2016, the Defendant tendered full payment to satisfy the unpaid portion of the judgment in the amount of $3,466,213.28 on September 16, 2016 (Docket Entry 78).

This final set of motions and hearing has led to the Plaintiff's request for attorneys' fees and costs in resolving the matter.

6

**LEGAL DISCUSSION**

The Court's Local Rule 54.01(b)(1) sets out the proper procedure for filing for an award of attorneys' fees and costs. The Sixth Circuit has held that this amount should be calculated using the Lodestar method, which is calculated by multiplying the number of hours reasonably extended by reasonable hourly rates. *Ellison v. Balinski*, 625 F.3d 953, 160 (6th Cir. 2010).

In determining the Lodestar amount the Court may make adjustments up or down based on 12 factors, which are set out in *Paschal v. Flagstar Bank*, 297 F.3d 431, 435 (6th Cir. 2002). The Defendant does not seriously contest the use of Lodestar method. The Defendant, however, does strenuously object to the amount of time spent by the Plaintiff in filing motions to compel as being excessive. The Defendant strenuously objects to any award of attorneys' fees and costs for responding to his emergency motion to stay garnishment and to set installment payments (Docket Entry 61) and the pleadings related thereto.

As an initial matter, I find that a reasonable hourly rate for partners involved in this matter is $375 per hour, for an associate $200 per hour, and for paralegals $150 per hour. Turning first to the reasonable amount of time necessary to compel discovery, the Magistrate Judge believes that the number of hours requested by the Plaintiff in relation to late discovery is

excessive, even considering their 25% reduction. The Defendant was late in filing the response and has not really objected to sanctions because of that delay. The Defendant, however,(Docket Entry 94) pointed out that the Orlando attorneys have claimed some $6,683 for legal work and the Nashville attorneys have claimed $12,605 for their part.

The motion to compel is a garden variety motion. The Magistrate Judge must agree with the Defendant that the amount of time spent in filing the motion and the argument during a telephone conference is excessive. It appears that there was a great deal of duplication between the two law firms in what should have been a relatively simple matter, a good deal of which could have been accomplished by paralegals and associates. Accordingly, I find considering that the Plaintiff's suggestion of $3,408 that $3,500 is a reasonable award for compelling discovery.

Turning now to the issue of sanctions against the Defendants for the Plaintiff having to respond to the motion to set installment payments and emergency motion to stay garnishments (Docket Entry 92), the Magistrate Judge believes that the Plaintiff is entitled to an award of attorneys' fees for work done in connection with these motions (Docket Entries 47 and 61). The Magistrate Judge has carefully considered the Defendants' argument (Docket Entry 93) that an award for sanctions concerning these motions is not authorized.

8

The Magistrate Judge disagrees and finds that sanctions are appropriate after considering the Sixth Circuit's decisions in *Metz v. Unizan Bank*, 655 F.3d 485 (6th Cir. 2011); *Red Carpet Studios v. Sater*, 465 F.3d 642, 647 (6th Cir. 2006); *Williams v. White Castle Systems, Inc.*, 2008 WL 3852322 (M.D., Tn. August 15, 2008).

Sanctions are authorized, as pointed out in the cases above, where bad faith is found. This is true whether the sanctions are under the Court's inherent authority or under 28 U.S.C. § 1927, or Rule 11.

In this case the Magistrate Judge finds that the Plaintiff's motions to stay garnishment and to set installment payments were filed in bad faith and for the purpose of delaying the Plaintiff's efforts to collect a judgment. The Defendant McNellis' affidavit (Docket Entry 61-2) filed on August 10, 2016, was, to put it charitably, inaccurate and misleading in view of his testimony less than 30 days later on September 7, 2016. The purpose of the affidavit and the accompanying motion was to stay garnishment proceedings instituted by the Plaintiff and to secure a court order to set installment payments for the Defendants. The motion specifically stated at paragraphs 10 through 12 that

> 10. McNellis had liquidated all readily available assets and does not have the present ability to make any payment larger than $100,000 per month without default on existing obligations that he has in his real estate business.
>
> 11. Any garnishments will preclude and greatly impair McNellis's ability to make the one hundred thousand and

9

> 00/100 dollars ($100,000.00) monthly installment payments to the judgment creditor.
>
> 12. Any garnishments threaten the level of liquidity that McNellis is required to maintain to avoid defaulting on antecedent obligations.

Based on his testimony a month later Defendant McNellis had to know that his affidavit was not true and that any motion based on it was not made in good faith and were designed to stop collection activities and to prevent Regions Bank from collecting on their judgment.

The work by the Defendant Bank attorneys to defend against these motions was unnecessary and clearly a detriment to the Defendant Bank.

That, therefore, leaves the issue of the amount of the sanction. The Plaintiff's motion and supporting affidavit quite frankly are rather confusing. They are entitled to a reasonable rate for the time reasonably spent in defending against these motions. However, there are parallel proceedings under which they are seeking costs in Minnesota State Court, which they contend they have not duplicated herein. The Defendant has pointed out two hours in Docket Entry 95 that he contends were duplicates in these two cases. The Defendant also points out that the Defendants have reversed their hourly rates for Attorneys Werrenrath and Jensen (the latter appears to be a simple typographical error).

As noted above, the Magistrate Judge is also thoroughly perplexed by the statement that some legal fees have been collected

in other proceedings, and that any overage will be applied to the judgment. Under the Court's Local Rule 54.04 the requested fee should be set out specifically. The affidavit and billing notices attached to the application are hardly a model of clarity. There are a number of claims which simply state "telephone conference with client" with whatever was discussed blacked out. The Magistrate Judge has no way of knowing how this related to the particular motion. Likewise, the Magistrate Judge has difficulty with coming up with the totals the Plaintiff claims, since the totals of the individual billing statements contain grand totals without the hours that have been marked out.

The Sixth Circuit case law notes that sanctions do not have to award the full amounts claimed by a party, but should be an amount sufficient to deter future conduct. *See, Red Carpet*, 465 F.2d 642 (6th Cir. 2006).

After considering the pleadings of the parties, the motions, and most critically the hearing where the Defendant testified, an award in the amount of $40,000 is deemed appropriate to deter such future conduct in filing motions supported by a grossly inaccurate affidavit. The hours claimed appear excessive even with a 25% discount. An award of $40,000 is sufficient to compensate the Plaintiff.

**RECOMMENDATION**

11

For the reasons stated above, the Magistrate Judge recommends that the Plaintiff be awarded sanctions in the amount of $3,500 compelling discovery and $40,000 for responding to the motions to set installment payments and to stay garnishments, for a total of $43,500.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 20th day of June, 2017.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge