IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

REGIONS BANK, )
)
    Plaintiff )
)
v. ) NO. 3-13-cv-0265
) JUDGE TRAUGER
GATEWAY HOUSING FOUNDATION, )
et al., )
)
    Defendants )

**ORDER AND MEMORANDUM**

Pending before the court are a Report and Recommendation of the Magistrate Judge (Docket No. 97), Objections by Defendants (Docket No. 98), and a Response by Plaintiff (Docket No. 99).

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(3) and Local Rule 72.03(b)(3), the court has reviewed *de novo* the portions of the Report and Recommendation to which objections were filed, the Objections, the Response and the file. For the reasons stated herein, the Objections of the Defendants are overruled, and the Report and Recommendation is adopted and approved.

Plaintiff brought this action to collect on a letter of credit that was guaranteed by Defendants Gateway Housing Foundation ("Gateway") and Terry McNellis. This court confirmed an arbitration award in Plaintiff's favor for $4,512,887.09, plus interest of $849.06 per diem, and entered a final judgment for Plaintiff against Defendants. Docket No. 36. The court retained jurisdiction to enter further necessary orders, including any orders to enforce the terms of the final judgment and/or for an award of attorneys' fees and costs to Plaintiff. *Id.*

Following entry of the final judgment, Plaintiff began efforts to collect its judgment by serving discovery in aid of execution on Defendants. Docket Nos. 39-42. Plaintiff also sought a charging order against certain LLCs and LPs that reportedly owed money to Gateway. Docket No. 43. Because Defendants did not respond to the discovery requests, Plaintiff filed a Motion to Compel. Docket No. 45.

Defendant McNellis filed a Motion to Set Installment Payments (Docket No. 47), asking the court to allow him to make monthly payments in the amount of $100,000 until the entire judgment was satisfied or until he liquidated sufficient assets to satisfy the judgment. In his motion, McNellis represented that he had limited ability and means to submit payments for the entire judgment. The Magistrate Judge granted in part and denied in part Plaintiff's Motion to Compel, finding that Defendants had been derelict and had provided no financial data at all, and ordering that Defendants file full financial information for the past year, not the past five years as sought by Plaintiff. Docket No. 59. The Magistrate Judge denied the Motion to Set Installment Payments because Defendants had failed to provide any financial data to support the motion. The Magistrate Judge took under advisement Plaintiff's request for attorneys' fees for having to file the Motion to Compel. *Id*.

McNellis then filed an Emergency Motion to Stay Garnishments and a Renewed Motion to Set Installment Payments (Docket No. 61), supported by copies of the responses McNellis had made to Plaintiff's discovery requests and by McNellis' Affidavit. McNellis again stated that he did not have the present liquidity to satisfy the judgment in full. He represented that he had liquidated all readily available assets and did not have the present ability to make any payment larger than $100,000 per month without defaulting on existing obligations he had in his real estate business. He stated that his real estate business is structured so that he is required to maintain a certain level of

liquidity to avoid defaulting on antecedent obligations and that any default on antecedent obligations would preclude and greatly impair his ability to make the $100,000 monthly installment payments to Plaintiff. Docket No. 61-2.

The Magistrate Judge set a hearing for September 7, 2016, in order to allow McNellis to testify concerning his financial circumstances. During his examination, McNellis revealed that he had substantial amounts of assets that could be liquidated, but that liquidation would involve paying federal capital gains taxes. Docket No. 81. The Magistrate Judge found that McNellis' financial statement revealed that he did have the wherewithal to satisfy the judgment from current assets. Docket No. 80 at 1. The Magistrate Judge found that, contrary to McNellis' contention in previous pleadings, he had readily marketable assets and that, although he would incur tax liabilities, the sale of the assets would not otherwise jeopardize his business activities. *Id*. Therefore, Defendants' Motion to Set Installment Payments and to Stay Garnishments was denied. *Id*.

On February 23, 2017, Plaintiff filed a Satisfaction of Judgment (Docket No. 84), acknowledging that the judgment had been paid in full by Defendants. On March 7, 2017, the Magistrate Judge held a telephone conference concerning the sanctions and the satisfaction of the judgment. He ordered the parties to attempt to resolve the sanctions issue, indicating that he believed some sanctions were appropriate, but not necessarily the full amount sought by Plaintiff. Docket No. 88. He indicated that, if the parties were unable to settle this issue, Plaintiff should file a Motion for Sanctions. That motion (Docket No. 92) and the request for attorneys' fees for filing the Motion to Compel, which the Magistrate Judge had taken under advisement, are the subjects of the pending Report and Recommendation.

ATTORNEYS' FEES

The Magistrate Judge has recommended that the request for attorneys' fees he had taken under advisement be granted and that Defendants pay $3,500 to Plaintiff for work done in connection with filing the Motion to Compel. Defendants do not object to that award.

SANCTIONS

The Magistrate Judge has also recommended that Plaintiff's Motion for Sanctions be granted and that Defendants pay $40,000 to Plaintiff as sanctions for Plaintiff's having to respond to the two Motions to Set Installment Payments and to the Emergency Motion to Stay Garnishments. Plaintiff seeks sanctions pursuant to the court's inherent powers and Rule 37 of the Federal Rules of Civil Procedure.

A court may assess attorneys' fees under its inherent powers when a party has acted in bad faith, vexatiously, wantonly or for oppressive reasons or when the conduct is tantamount to bad faith. *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011); *Plastech Holding Corp. v. WM Greentech Automotive Corp.*, __ F.Supp.3d __, 2017 WL 2831733 at * 3 (E.D. Mich. June 30, 2017). If a party has engaged in bad faith conduct, appropriate sanctions may include the imposition of attorneys' fees. *Id*. Bad faith may be found when a party delayed or disrupted the litigation or hampered enforcement of a court order. *Metz*, 655 F.3d at 489.

The Magistrate Judge found, after hearing McNellis' testimony, that McNellis' Affidavit in support of his motion to set installment payments was, "to put it charitably," inaccurate and misleading. Docket No. 97 at 9. The Magistrate Judge also found that, given McNellis' testimony on September 7, 2016, he had to have known that his Affidavit was not true and that any motion

based upon it was not made in good faith. *Id*. The court has examined the testimony and the Affidavit and agrees with the Magistrate Judge.

State law authorizes the court to allow a judgment debtor to pay a judgment in installments when the judgment debtor has only wages or salary or other limited funds receivable from which to pay the debt. *City of Gatlinburg v. Greenstein*, 2017 WL 2805869 at * 3 (Tenn. Ct. App. June 29, 2017). As noted in *Harrington v. Harrington*, 759 S.W.2d 664, 668 (Tenn. 1988), no such installment payments are to be ordered unless the debtor has filed an affidavit stating that no other assets are available for payment of the judgment except the wages or salary of the debtor and that any other funds receivable by the debtor are so limited that installment payments are appropriate. *Id*.

The court finds that McNellis was less than forthcoming in his Affidavit stating his inability to pay the judgment. McNellis stated: "Due to the amount of the judgment, I do not have the present liquidity to satisfy the judgment in full." Docket No. 61-2. He also stated that he had liquidated all readily available assets and did not have the present ability to make any payment larger than one hundred thousand dollars. *Id*. As noted above, McNellis' live testimony before the Magistrate Judge revealed a different story. There were assets available; McNellis just did not want to liquidate them. Docket No. 81 at 90-93.

Defendants argue that the Magistrate Judge took only the request for attorneys' fees under advisement and they had no "warning" that the Magistrate Judge was considering sanctions. To the contrary, the Magistrate Judge's Order of March 7, 2017, specifically notes that he left open the issue of sanctions in his order of July 7, 2016. Docket No. 88. The Magistrate Judge ordered the parties, on March 7, 2017, to attempt to resolve the sanctions issue. *Id*. When they could not resolve

that issue, Plaintiff filed a Motion for Sanctions (Docket No. 92), to which Defendants responded. Docket No. 95. Defendants were also given the opportunity to object to the Report and Recommendation, which they did. (Docket No. 98).

In this circuit, what is required before imposing sanctions is fair notice and an opportunity for a hearing on the record. *Metz*, 655 F.3d at 491. Defendants had fair notice of the request for sanctions, participated in an evidentiary hearing concerning the alleged sanctionable motions, participated in a telephone conference with the Magistrate Judge concerning the sanctions, and did not request an additional hearing after the Motion for Sanctions was filed.

Defendants also contend that their Motions to Stay Garnishments and to Set Installment Payments were warranted by existing law and were not filed in bad faith. These motions were not warranted and were filed in bad faith because McNellis knew he did not meet the standards of the Tennessee statute for installment payments, and he knew his Affidavit was not true. The Magistrate Judge, who heard the testimony, found that Defendants' motions were filed in bad faith and for the purpose of delaying the Plaintiff's efforts to collect a judgment, thus causing Plaintiff's attorneys to perform unnecessary work to the detriment of the Plaintiff. Docket No. 97 at 9-10. Defendants are correct that the mere fact that a claim is without merit does not amount to bad faith, *Metz*, 655 F.3d at 489, but here Mr. McNellis did not tell the truth in his Affidavit. He also delayed and disrupted the litigation by hampering enforcement of the judgment. *Id*.

Defendants argue that Plaintiff did not comply with Rule 11 of the Federal Rules of Civil Procedure and, therefore, no sanctions may be imposed. Plaintiff did not seek sanctions under Rule 11; Plaintiff sought sanctions under the court's inherent powers and Rule 37. In any event, the court

may invoke the inherent powers of the court, even if procedural rules exist that sanction the same conduct. *Metz*, 655 F.3d at 490 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991)).

Finally, Defendants contend that the $40,000 recommended by the Magistrate Judge as a sanction is unreasonable. Plaintiff asked for $109,651.85 in attorneys' fees and costs as the sanction. After reviewing the affidavits and billing statements attached to the Motion for Sanctions, the Magistrate Judge made a reasonable compromise. He set allowable hourly rates at $375 for partners, $200 for associates, and $150 for paralegals. He also cut the requested amount by almost two-thirds. The court will not disturb this reasonable calculation.

## CONCLUSION

For these reasons, the Objections of the Defendants are overruled, and the Report and Recommendation is adopted and approved. Accordingly, Plaintiff's Motion for Sanctions (Docket No. 92) is GRANTED. Plaintiff is awarded attorneys' fees, costs and sanctions in the total amount of $43,500 from Defendants.

IT IS SO ORDERED.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE